Piazza v Dobri

2026 NY Slip Op 02474

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Lynne Piazza et al., Plaintiffs-Respondents,

v

Georgiana A. Dobri, M.D., et al., Defendants-Appellants, Weill Cornell Neurological Surgery, Defendant.

Decided and Entered: April 23, 2026

Index No. 805158/21|Appeal No. 6435|Case No. 2025-06365|

Before: Scarpulla, J.P., Friedman, Gesmer, Shulman, Chan, JJ.

Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Charles Franklin

Hickerson IV of counsel), for appellants.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Joshua Block of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (John J. Kelly, J.), entered August 26, 2025, which, to the extent appealed from as limited by the briefs, denied in part the motion of defendants-appellants for summary judgment dismissing the medical malpractice claim, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

The court should have granted defendants' motion for summary judgment dismissing the medical malpractice claim in its entirety. The crux of plaintiffs' claim is that defendants failed to diagnose plaintiff with Cushing's syndrome. Defendants made a prima facie showing of entitlement to summary judgment through their expert's affidavit, who averred that defendants' treatment of plaintiff was within the standard of care and that none of plaintiffs' alleged injuries were caused by the care that defendants provided to plaintiff. The expert opined that defendants never had the biochemical evidence available to support a Cushing's syndrome diagnosis. With respect to proximate causation in particular, defendants' expert noted that during defendant's treatment of plaintiff there was no evidence of an adrenal tumor secreting excess cortisol or a tumor elsewhere secreting excess adrenocorticotropic hormone (ACTH). The expert concluded that plaintiff did not have Cushing's, as confirmed by surgical pathology of plaintiff's pituitary gland in June and October 2019. The pathology results did not reveal Crookes hyaline change in June 2019, which defendants' expert concluded showed that plaintiff did not have Cushing's.

In opposition to defendants' prima facie showing, plaintiffs' expert failed to meaningfully address defendants' expert's opinions regarding causation (see Khurdayan v Kassir, 223 AD3d 590, 591 [1st Dept 2024]). Plaintiffs' expert opined that plaintiff had a tumor or adenoma which grew or spread during the time in which they allege that defendant doctor failed to make a Cushing's diagnosis. Although plaintiffs' expert opined that plaintiff had Cushing's, plaintiffs' expert failed to meaningfully address the 2019 pathology results. In particular, the expert did not address the pathology results vis-À-vis the absence of adenomas or ACTH-producing tumors in the
pituitary gland. In light of the foregoing, plaintiffs failed to raise an issue of fact as to causation.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026